## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PEANUTS WORLDWIDE LLC, | ) Case No.: 1:21-cv-05863 |
| | ) |
| Plaintiff, | ) District Judge:  Hon. Andrea R. Wood |
| | ) |
| v. | ) |
| | ) |
| THE PARTNERSHIPS and | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE "A", | ) |
| | ) |
| Defendant | |

## OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

This lawsuit against Defendant Yingsheji Jiatingyongpinyouxiangongsi ("Yingsheji") stems from two sales of a single accused product, the first of which was sold to a member of Greer, Burns, & Crain, Ltd., counsel for Plaintiff in this case.  What could have been solved with a simple letter, or even through Amazon's takedown service, Plaintiff literally turned into a federal case.  Consequently, the year-end wages for three employees, amounting to tens of thousands of dollars, are frozen by Plaintiff's clandestine rush to the courthouse.  Plaintiff has not met its burden of establishing entitlement to a preliminary injunction against Yingsheji in this case.  This court should deny Plaintiff's motion as it pertains to Yingsheji and order that Yingsheji's account be unfrozen.

1

## I.      Jurisdiction

Defendant comes before this Court for the sole purpose of addressing Plaintiff's Motion for entry of a preliminary injunction which is a follow-up to Plaintiff's ex parte motion for a temporary restraining order that Yingsheji had no opportunity to address.  Defendant's deadline to answer or otherwise plead has not yet expired.  Thus, Defendant reserves the right to, at least Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) challenge this Court's jurisdiction over it and venue, as well as any other matter that may otherwise be raised prior to filing an answer, on or before that deadline (including any extension that this Court may grant).  Nothing in this submission should be construed as a waiver of any of Defendant's rights, claims, or defenses.

## II.     Background Facts

Yingsheji is a Chinese company with three employees.  *See* Declaration of Junjie Deng, ¶¶ 4 ("Dec."), file herewith.  Yingsheji operates an Amazon store through which it sells products under the brand name CHOXILA.  Dec. ¶5.  Based on the information provided by Plaintiff, it appears that the product at issue is Amazon ASIN#B09FLJ621M.  Dec. ¶6.  Yingsheji has only sold two of the products associated with ASIN#B09FLJ621M.  Dec. ¶7.  The first sale it made of that product was to an account associated with the address 300 S. Wacker Dr. STE 2500, Chicago, IL 60606, the address of Plaintiff's law firm, Greer, Burns & Crain.  Dec. ¶8.  The second sale it made of that product was to an account associated with an address in California.  Dec. ¶9.  Exhibit A to the supporting declaration is a true and correct copy of an Amazon Business Report showing the two sales. Dec. ¶10.  Exhibits B and C to the supporting declaration are true and correct copies of the Chicago and California Amazon Orders,

2

respectively.  Dec. ¶11.[1] Exhibits D and E to this declaration are true and correct copies of the Amazon transactions.  Dec. ¶13.

The retail price charged by Yingsheji for each product was $29.99.  Dec. ¶14.  Yingsheji does not and did not manufacture any of the products associated with ASIN#B09FLJ621M.  Dec. ¶15.  Yingsheji does not have and has never maintained any inventory of any of the products associated with ASIN#B09FLJ621M.  Dec. ¶16.

The bank account for Yingsheji's Amazon Store is currently frozen.  Dec. ¶17.  Yingsheji needs the money in the account purchase other products such as foam cleaners, watermelon cutters, pineapple cutters and utensils, as well as to pay employees' salaries.  Dec. 18.

Exhibit F is a true and correct copy of all of the products that Yingsheji has sold or offered to sell in 2021.  Dec. 19.  Almost all of the sales for the year come from a handful of novel kitchen devices and household cleaners.  See Exhibit F, rows 2-10.  As shown in Exhibit F, the total sales volume for the Yingsheji Amazon store in 2021 was minimal.  See Exhibit F, Dec. ¶20.[2]

Now, because Plaintiff's counsel decided to purchase the accused product on September 8, 2021 (see, Ex. B), rather than simply contact Defendant, Defendant is before this Court. Indeed, had Plaintiff's counsel reached out to Defendant, this entire matter could have been avoided because Defendant could have addressed the situation prior to making the first sale to Plaintiff's Counsel as well as avoiding making the second sale on September 11, 2021 (see, Ex.

---

[1]  Upon receiving the complaint about using images of the accused product, Yingsheji was concerned about having any images of the product for fear of it increasing liability.  Therefore the images were removed from the Amazon listing in Exhibits B and C to ensure that Yingsheji would not inadvertently subject itself to further liability.  Dec. ¶12.

[2]  To avoid having to file this brief underseal, Yingsheji limits the identification of its financial information to the Declaration and Exhibits.

C).

### III.     Plaintiff Have Not Carried Their Burden

Plaintiff's basis for the entry of the preliminary injunction is "to prevent further unlawful conduct by Defendants." Doc. 34. Plaintiff makes no effort whatsoever to delineate what conduct by what Defendants is at issue or that needs to be prevented. At no point does Plaintiff particularly identify any activity by Yingsheji, and specifically no ongoing or even threatened future activity of Yingsheji that must be enjoined. Plaintiff does nothing to address the elements of entry of a preliminary injunction. Instead, Plaintiff merely argues that, because this Court entered the ex parte temporary restraining order—which Defendants had no opportunity to address or contest—this Court should just rubber stamp that decision. That is improper in this case.

Here, Plaintiff bears the burden of establishing that it is entitled to a preliminary injunction. *Jiaxing Zichi Trade Co. v. Yang*, No. 21-CV-973, 2021 WL 4498654, at *3 (N.D. Ill. Aug. 19, 2021) citing 42 Am. Jur. 2d Injunctions § 291. A preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996).

As to likelihood of success, it is not entirely clear what all the bases of Plaintiff's complaints against Yingsheji are. However, it is assumed that Plaintiffs assert both copyright infringement and trademark infringement against Yingsheji based on ASIN#B09FLJ621M (the only product sold by Yingsheji that Plaintiff has ever identified). It is assumed for the purposes of this motion, that Plaintiffs may succeed on the issue of copyright infringement. Viewing the

product, it appears that it is a spooky tree adorned with Peanuts characters. Thus, if the facts ultimately show that the Peanuts characters on the work are unauthorized derivative works, the product may constitute copyright infringement. As noted, Yingsheji did not manufacture the product, and it is not presently aware if there is any agreement or license of the manufacturer that would cover the alleged acts.

As for trademark infringement, Plaintiff neither produced evidence nor made any argument that the physical product is actually marked with any of the trademarks identified in Plaintiff's complaint. Based on allegations and representations of Plaintiff's counsel during the recent hearing, Plaintiff's complaint appears to be that one of its trademarks appears in the description of the product on Amazon. While it is true that the description of the accused product includes "Illuminated Halloween Christmas Tree with Led Light Peanuts" that is not determinative of use of Plaintiff's trademark or counterfeiting. Indeed, Plaintiff does not hold total dominion over the word "Peanuts". Only use of the word as a trademark for the purpose of indicating the source of the goods could constitute trademark infringement.

Here, Defendant does not use the term as a trademark, but instead make a fair use of the word. The Lanham Act provides several affirmative defenses to a plaintiff's claims, including the "fair use" defense. *See* 15 U.S.C. § 1115(b). The fair use defense is available against even incontestable trademarks. *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015). The defense allows individuals to use otherwise trademarked language in a descriptive sense. *See Packman v. Chi. Tribune Co.*, 267 F.3d 628, 639 (7th Cir. 2001); *Sunmark, Inc. v. Ocean Spray Cranberries, Inc.*, 64 F.3d 1055, 1058 (7th Cir. 1995). "[A] defendant in a trademark infringement action may invoke the fair use defense by demonstrating that the alleged infringement, 'is a use, otherwise than as a mark ... which is descriptive of and used fairly and in

5

good faith only to describe the goods or services of such party.' " *Sorensen*, 792 F.3d at 722 (quoting 15 U.S.C. § 1115(b)(4))..

Here, even if it were assumed that the product at issue includes images of Peanuts characters, the use of the word Peanuts merely describes the goods. There is, quite literally, no other way of referring to Peanuts characters other than by using the word Peanuts (except perhaps by using their proper nouns, such as Charlie Brown and Snoopy, which are also allegedly trademarks). Whether or not the underlying work depicting Peanuts characters is an infringement of a copyright is an entirely separate matter, but it does not diminish the descriptive nature of the use of the term Peanuts. As a hypothetical, a similar example would be an artist's rendition of a photograph of a Chicago Bears player. Describing the work as "Painting of Chicago Bears Player" is not trademark use, but rather an accurate description of the subject matter of the work. The work itself, however could still be an infringement of the photograph, but that is a totally separate issue.

Here, to the extent the term Peanuts is at issue, any use of that term was a fair use. Courts have recognized that "it is likely inappropriate to impose liability for trademark counterfeiting when a defendant is able to establish—with or without the other two elements of the fair use defense—that it used a term identical to the registered mark otherwise than as a mark." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 95 (2d Cir. 2020). That is because "[i]n order for material to qualify as 'counterfeit' under the Lanham Act, it must be a 'spurious mark.'" *Id*. citing 15 U.S.C. § 1127. A "spurious" mark, in turn, is one that is "fake" and "[d]eceptively suggest[s] an erroneous origin." Spurious, Black's Law Dictionary (11th ed. 2019). The court in *Tiffany* held "[w]e fail to see how a term can be a 'fake' mark if it is not actually used as a mark, or how a term can 'deceptively suggest an erroneous origin' if it is not used as a means to

indicate origin in the first place." 971 F.3d at 95 citing *See* 15 U.S.C. § 1127 (defining

"trademark" and "service mark" as "any word, name, symbol, or device, or any combination

thereof" used "to indicate the source" of goods and services). Accordingly, Plaintiff is wrong

that it has automatically satisfied its burden with respect to likelihood of success simply because

the Court entered a TRO.

Plaintiff also cannot establish that it will suffer irreparable injury if the preliminary

injunction is not granted because there is no adequate remedy at law. Here, as set forth in the

accompanying declaration, Yingsheji sold only two units of the accused product, one of which

was to Plaintiff's counsel. It has no inventory. It does not manufacture the product. Thus, a

further injunction against selling is moot. Yingsheji isn't selling the product and has none of the

product to sell. It is no longer listed on Yingsheji's Amazon store either.

The balance of hardship to Yingsheji far outstrips any hardship Plaintiff could possibly

suffer. First, Plaintiff has not articulates a particular hardship. Second, Plaintiff alleges that it is

a global brand that features is comic strip in global online syndication and in thousands of

newspapers, mobile apps, feature films, and NASA projects, all culminating an assets of

"incalculable and inestimable value." Dkt. 1, ¶¶ 1, 16. Defendant, on the other hand, is a small,

foreign business that primarily sells kitchen products. It made a minimal amount of sales over

the entire year in 2021. Exhibit F, Dec. ¶20. It has three employees, and those people's salaries

are now frozen in an account due to Plaintiff's clandestine actions. It is an inordinate hardship

on such a small business to have tens of thousands of dollars in its account frozen over two sales

of an item that retails for $29.99. The frozen account affects not only the livelihood of the

employees, but also Yingsheji's ability to buy more kitchen wares to sell and stay in business.

Finally, the public interest will certainly be disserved by the injunction. As noted,

Yingshehi is not selling the accused product. By maintaining the assets frozen, the injunction inhibits Yingsheji's ability to pay its employees, purchase products, and maintain a legitimate business offering products to consumers and giving those consumers options. In other words, consumer's right to legitimate competition in the market place is impaired by Plaintiff's injunction freezing Yingsheji's assets. Plaintiff's restricting the consuming public's access to goods—particularly goods that are totally unrelated to the product at issue as well as to anything even remotely close to Plaintiff's business—disserves the public interest.

## IV.    Conclusion

Plaintiff has not carried its burden in establishing it is entitled to a continuation of an injunction freezing Yingsheji's assets. Plaintiffs assert claims of copyright infringement and trademark infringement based on two sales of one item. If it succeeds, which is not a foregone conclusion, perhaps it could be entitled to statutory damages: $750 for copyright (17 U.S.C. §504(c)), $1000 for trademark (15 U.S.C. §1117(c)). Thus, to the extent this Court considers entering an injunction in any capacity, the court should limit any injunction to not more than $1750, and order the remainder of the account to be released. Yingsheji is not selling the product, and thus there is no further action to enjoin with respect to the product at issue.

Respectfully submitted,

ARONBERG GOLDGEHN DAVIS &
GARMISA

Dated: <u>December 15, 2021</u>            <u>/s/ Matthew De Preter</u>
Matthew De Preter


ARONBERG GOLDGEHN DAVIS &
GARMISA
    330 N. Wabash Ave. Suite 1700
    Chicago, IL 60611
    (p) 312.828.9600
    (f) 312.828.9635
    <u>cdepreter@agdglaw.com</u>


*Attorneys for Yingsheji*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 5, 2021 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to counsel of record.

Additionally, in accordance with the present Coronavirus COVID-19 Public Emergency Order, it is the undersigned's understanding that there are to be no in-person deliveries of any kind may be made to a judge's chambers or to the Clerk's Office and thus no courtesy hard copy of the electronic filing is to be delivered to the Courtroom Deputy on the date of filing.

/s/ Matthew De Preter

One of the Attorneys for Yingsheji